UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF JEAN-MICHAEL LEE-SHIM<br><br>Applicant. | Case No.: 5:13-mc-80199-LHK-PSG<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR SUBPOENA OF YAHOO! IN AID OF DEFENSE TO FOREIGN CRIMINAL INVESTIGATION**<br><br>**(Re: Docket No. 1)** |

Jean-Michael Lee-Shim ("Lee-Shim") has applied to this court for an order to obtain discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782(a). Lee-Shim seeks an order authorizing a subpoena to Sunnyvale-based Yahoo! for documents to be used in connection with a criminal bribery investigation in Mauritius and the United Kingdom ("UK") based his use of his personal Yahoo! e-mail account ("the Yahoo! Account"). Lee-Shim maintains that (1) unauthorized person(s) acting without his knowledge or permission accessed the Yahoo! Account and (2) sent e-mails which implicated Lee-Shim in crimes he did not commit.[1] Lee-Shim "seeks documents and/or information sufficient to demonstrate" when the Yahoo! Account was accessed

---

[1] *See* Docket No. 1 at 1.

1

Case No.: 5:13-mc-80199-LHK-PSG
ORDER

and from where that access was obtained from January 1, 2013, through and including July 31, 2013.[2]

## I. LEGAL STANDARDS

"A district court may grant an application pursuant to 28 U.S.C. § 1782 where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person."[3] However, simply because a court has the authority under Section 1782 to grant an application does not mean that it is required to do so.[4] The Supreme Court has identified several factors that a court should take into consideration in ruling on a Section 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.[5]

It is common for parties to request and obtain orders authorizing discovery ex parte.[6] Such "ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it."[7]

---

[2] *See id.* at 1-2.

[3] *See* 28 U.S.C. § 1782(a); *In re Republic of Ecuador*, Case No. 3:10-80225-CRB-EMC, 2010 WL 3702427, at *2 (N.D. Cal. Sep. 15, 2010).

[4] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

[5] *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (citing *Intel*, 542 U.S. at 264-65).

[6] *See In re Republic of Ecuador*, 2010 WL 3702427, at *2.

[7] *Id.* (citations omitted).

## II. DISCUSSION

### A. Authority to Issue Subpoena

The court has reviewed Lee-Shim's application and has preliminarily determined that the statutory requirements have been satisfied. First, Yahoo! is located in Cupertino, which is located in this district. Second, Lee-Shim represents that the discovery sought is for use in foreign criminal proceedings in Mauritius and the UK.[8] Lee-Shim points out that Section 1782(a) on its face states "criminal investigations conducted before formal accusation" qualify as a "proceeding before a foreign or international tribunal."[9] Finally, there can be no real dispute that Lee-Shim qualifies as an interested person because he is the subject of the pending investigations Mauritius and the UK.[10]

### B. Discretionary Factors

#### 1. Jurisdictional Reach of Foreign Tribunal

The Supreme Court has noted that,

> [w]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.[11]

In the instant case, Yahoo! is not a party in the foreign proceeding. Further, Yahoo! is not a company resident in Mauritius or the UK and, therefore, the requested information does not appear

---

[8] *See* Docket No. 1 at 2.

[9] 28 U.S.C. § 1782(a); see also *Intel*, 542 U.S. at 258-59 (noting that a formal proceeding need not be currently pending, or even imminent and that all that is necessary is that a "dispositive ruling" by the foreign adjudicative body be "within reasonable contemplation").

[10] *See Intel*, 542 U.S. at 256 (stating that an interested person under Section 1782 "plainly reaches beyond the universe of persons designated 'litigant,'" although there is no doubt that "litigants are included among, and may be the most common example").

[11] *Id.* at 264.

Case No.: 5:13-mc-80199-LHK-PSG
ORDER

3

within the immediate reach of either a tribunal in Mauritius or the UK.  This factor weighs in Lee-Shim's favor.

### 2. Nature and Receptivity of Foreign Tribunal

Under the second discretionary *Intel* factor, district courts are encouraged to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance."[12]  Lee-Shim argues that there is no authority suggesting the governments of Mauritius and the UK would not be receptive to discovery obtained through a Section 1782 subpoena.  Lee-Shim further argues that the foreign tribunals would be receptive to the evidence because of how critical it is to Lee-Shim's potential defense.  The court notes, however, that foreign governments may not be receptive to the United States judiciary wading into its criminal investigation.  The court finds that this factor is, therefore, neutral.

### 3. Attempt to Circumvent Foreign Proof-Gathering Restrictions and Policies

Although Section 1782 does not require the documents sought to be discoverable in the foreign courts, a district court may consider whether an applicant seeks in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."[13]  Here, Lee-Shim's represents that he "is unaware of any restrictions on proof-gathering procedures in either Mauritius or the UK that would prohibit obtaining the discovery he seeks through Section 1782."[14]  The court finds this factor to be neutral.

---

[12] *Id.* at 264.

[13] *Id.* at 260-63, 265.

[14] *See* Docket No. 1 at 9.

Case No.: 5:13-mc-80199-LHK-PSG
ORDER

4

### 4. Undue Intrusion or Burden

Lee-Shim seeks information related to when and where his Yahoo! Account was accessed. Lee-Shim does not seek information related to the content of any e-mails sent from the Yahoo! Account. This request does not appear to be unduly intrusive or burdensome, so this factor weighs in Lee-Shim's favor.

## III. CONCLUSION

Lee Shim's application is GRANTED. Lee-Shim may serve the subpoena attached to its application,[15] without prejudice to any motion to quash that Yahoo! or any other appropriate party may wish to file.

**IT IS SO ORDERED.**

Dated: October 9, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[15] *See* Docket No. 1-1.

5
Case No.: 5:13-mc-80199-LHK-PSG
ORDER